Opinion filed January 4,
2013

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-12-00219-CV

                                                    __________

 

                      LONE
STAR TRANSMISSION, LLC, Appellant

 

                                                             V.

 

                            WILKS
RANCH TEXAS LTD., Appellee



 

                                    On
Appeal from the 91st District Court

                                                                              

                                                          Eastland
County, Texas

 

                                                 Trial
Court Cause No. CV1242569

 



 

                                            M E M O R A N
D U M    O P I N I O N

            This is an interlocutory appeal from the entry of a temporary
injunction enjoining appellant, Lone Star Transmission, LLC.  See Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(4)
(West Supp. 2012).  Appellee, Wilks Ranch Texas Ltd., has filed an unopposed motion
to dismiss the appeal on the basis that the temporary injunction is now moot
because the trial court subsequently dissolved the temporary injunction.  Appellant
has advised the court that it agrees with appellee’s assertion that the temporary
injunction is now moot and that the appeal should be dismissed.  See Tex. R. App. P. 42.1(a)(2).  

As
recently noted by the Texas Supreme Court in Heckman v. Williamson County,
369 S.W.3d 137, 162 (Tex. 2012):

A
case becomes moot if, since the time of filing, there has ceased to exist a
justiciable controversy between the parties—that is, if the issues presented
are no longer “live,” or if the parties lack a legally cognizable interest in
the outcome.  Put simply, a case is moot when the court’s action on the merits
cannot affect the parties’ rights or interests.  If a case is or becomes moot,
the court must vacate any order or judgment previously issued and dismiss the
case for want of jurisdiction (footnotes omitted). 

 

We agree with
the parties’ contention that the appeal should be dismissed for want of
jurisdiction because the subject of the appeal is now moot.  Therefore, in
accordance with the parties’ request, we dismiss the appeal.  

The
motion to dismiss is granted, and the appeal is dismissed for want of
jurisdiction.

 

                                                                                                PER
CURIAM

 

January 4, 2013

Panel consists of: Wright, C.J.,

McCall, J., and Willson, J.